IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41063
Summary Calendar
_____

FLOYD MURRAY,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-606
- - - - - - - - - -

January 25, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges

PER CURIAM:[*]

    Floyd Murray, Texas state prisoner # 520390, appeals the
district court's dismissal of his civil rights complaint without
prejudice for failure to exhaust administrative remedies.  See 42
U.S.C. § 1997e(a).  The district court dismissed Murray's
complaint under § 1997e(a), reasoning that under amended 1997e,
exhaustion of administrative remedies was a mandatory
prerequisite to filing a 42 U.S.C. § 1983 complaint.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court did not have the benefit of our recent decision, Whitley v. Hunt, 158 F.3d 882, 887 (5th Cir. 1998). In Whitley, 158 F.3d at 885-87, this court clarified that under amended 1997e, "federal prisoners pressing Bivens claims against federal officials need not pursue prison remedies when they are seeking exclusively monetary relief, and there are no prison remedies capable of affording such relief." Because Murray sought exclusively monetary relief, he may not have been required to pursue administrative remedies prior to filing suit. See Whitley, 158 F.3d at 887; Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995); McCarthy v. Madigan, 503 U.S. 140, 150-52 (1992).

The district court's dismissal of Murray's civil rights complaint for non-exhaustion is VACATED and the cause REMANDED for the court to address the issue whether monetary relief is available through the grievance procedure. See id. If monetary relief is available, dismissal for non-exhaustion of administrative remedies is appropriate. If, however, monetary relief is unavailable, Murray should not be required to exhaust administrative remedies prior to filing suit. See Whitley, 158 F.3d at 885-87.

VACATED AND REMANDED.